WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Gualotuna,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Estrella Gymnastics LLC, et al.,<br><br>　　　　　Defendants. | No. CV-16-00597-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff Marco Gualotuna's Motion for Default. (Doc. 17.) For the following reasons, the motion is granted.

## **BACKGROUND**

On March 4, 2016, Plaintiff brought this action against Defendant Estrella Gymnastics LLC for unlawful failure to pay overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. (Doc. 1.) Plaintiff served Defendant with the summons and complaint on March 10, 2016. (Doc. 8.) Defendant has not appeared. On May 11, 2016, the Clerk of the Court entered default against Defendant. (Doc. 13.) Plaintiff now moves for entry of default judgment. (Doc. 17.) Plaintiff seeks $66,000 in statutory damages, $6,206 in attorneys' fees, and $746 in costs. (*Id.*)

## **LEGAL STANDARD**

When determining whether to enter a default judgment, the court should consider

factors such as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

## **DISCUSSION**

Under the FLSA, covered employers must pay their employees one and one-half times their regular rate for work exceeding forty hours per workweek. 29 U.S.C. § 207(a)(1). Plaintiff alleges that he was hired by Defendant in June 2014 as the general manager of a children's gymnasium. (Doc. 1, ¶¶ 15-16.) His job duties included cleaning the gymnasium, preparing equipment, teaching classes, taking out trash, and handling customer service. (*Id.*, ¶¶ 17-18.) Plaintiff was compensated at an hourly rate of $25. (*Id.*, ¶ 19.) His primary duties did not involve management or general business operations, nor did his job require advanced knowledge in science or learning. (*Id.*, ¶¶ 58-61.) Plaintiff alleges that he was required to be at the gymnasium seven days per week and that he worked from 4:00 am to 8:00 pm Monday through Saturday, and from 8:00 am to 2:00 pm on Sunday. (*Id.*, ¶¶ 68-69.) Nevertheless, Defendants did not pay Plaintiff overtime and occasionally would pay him for only 25 hours of work. (*Id.*, ¶¶ 71-72.)

Plaintiff's complaint sufficiently alleges a meritorious claim for overtime pay under the FLSA. Plaintiff substantiates his allegations with his own sworn declaration. (Doc. 17-2.) Although the actual number of hours Plaintiff worked, the compensation he was paid, and the nature of his job duties conceivably could be disputed, the Court has no reason to doubt the veracity of Plaintiff's sworn statements. Plaintiff seeks $66,000 in

statutory damages, $6,206 in attorneys' fees, and $746 in costs. Although this amount is considerable, it is not exorbitant. Nor does Rule 55 limit the amount that can be recovered through a default judgment.

Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, Defendant's failure to participate in this litigation makes a decision on the merits impossible. Indeed, Defendant was served with the summons and complaint but has made no effort to respond or otherwise participate in this action. Nothing suggests that Defendant's default was the result of excusable neglect. Moreover, Plaintiff will be prejudiced if no default judgment is entered. Plaintiff diligently has sought to litigate his claims, but has been unable to do so because of Defendant's failure to participate. On balance, the Court finds that the *Eitel* factors support entry of default judgment against Defendant.

An employer who violates the FLSA's overtime provisions is "liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiff states that he worked 880 overtime hours and that he "was never paid time and one half for any hours over forty . . . that [he] worked in a single work week." (Doc. 17-2 at 3.) Plaintiff's overtime rate would have been $37.50 per hour. This amounts to $33,000 in unpaid overtime compensation. (*Id.*) Accordingly, the Court awards Plaintiff $33,000 in unpaid overtime compensation, plus an additional equal amount as liquidated damages, for a total of $66,000.

In addition to these damages, the FLSA also requires the offending employer to pay a successful plaintiff's reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). Attorney Trey Dayes performed 6.8 hours of work at a rate of $475 per hour. (Docs. 17-3, 17-4.) Attorneys Sean Davis and Preston Flood performed a combined 7 hours of work at a rate of $375 per hour. (*Id.*) Paralegal Nasser Abujbarah performed 1.8 hours of work at a rate of $195 per hour. (*Id.*) Plaintiff provided a task-based itemization of these services, which include drafting the complaint and motion for default judgment.

(Doc. 17-4.) The Court finds that the requested fees are reasonable and awards Plaintiff $6,206 in attorneys' fees and $746 in costs.

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 17), is **GRANTED**. The Clerk shall enter judgment awarding Plaintiff $66,000 in damages, $6,206 in attorneys' fees, and $746 in costs. Post-judgement interest shall accrue at a rate of 0.66% per annum. The Clerk shall terminate this case.

Dated this 27th day of October, 2016.

Douglas L. Rayes
United States District Judge